**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raghunath Parthasarathi, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>United States of America, et al.,<br><br>  Defendants. | No. CV-21-01940-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant State of Arizona's Motion for Leave to Name Non-Party at Fault (Doc. 103), in which the State of Arizona seeks this Court's leave to name the United States as a non-party at fault in the present case. (Doc. 103 at 1). The Court now rules as follows.

**I.    BACKGROUND**

This case arises out of a car accident that occurred on August 6, 2019, while Plaintiff Raghunath Parthasarathi was driving an automobile carrying his wife and two children southbound on State Route ("SR") 67, toward the North Rim of the Grand Canyon, in Coconino County, Arizona. (Doc. 5 at 2–3). At the same time and place, Fatimah Hussain Alibrahim was driving northbound on SR-67 when her vehicle struck a bovine that was in the northbound travel lane of the roadway. (*Id.* at 3). This ultimately caused her vehicle to strike the vehicle occupied by Plaintiffs. (*Id.* at 4).

Plaintiffs initially brought suit in Maricopa County Superior Court (CV2020-094395) with a Complaint filed on July 31, 2020, against the State of Arizona and Doe

defendants. (Doc. 1-10 at 4). A First Amended Complaint was filed in the Superior Court case on October 15, 2021, adding the United States as a defendant. (Doc. 1-4 at 2). The United States removed this action to federal court on November 16, 2021. (Doc. 1 at 1). Plaintiffs claim that both the State of Arizona and the United States were negligent and at fault for the collision due to their failure to prevent animals from wandering onto SR-67. (Doc. 5 at 6, 8).

Ultimately, the United States was dismissed as a party to this action on August 22, 2024, when this Court granted its Motion for Summary Judgment based on its Discretionary Function Exception immunity under the Federal Tort Claims Act. (Doc. 102). On August 27, 2024, Defendant State of Arizona filed the instant Motion seeking leave to name the United States as a non-party at fault. (Doc. 103). The Motion was served on both Plaintiffs and former-Defendant United States on the same day; however, no responses have been filed. (Doc. 104).

## II.     LEGAL STANDARD

A.R.S. § 12-2506(B) states, in relevant part, that "[i]n assessing percentages of fault the trier of fact shall consider the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit." For a factfinder to consider the negligence or fault of a nonparty, the defending party must give "notice before trial, in accordance with requirements established by court rule, that a nonparty was wholly or partially at fault." *Id.*

Under Arizona Rule of Civil Procedure ("Rule") 26(b)(5), a party has 150 days after filing its answer to name a non-party at fault under A.R.S. § 12-2506(B). Beyond the 150-day limit, a movant must show "good cause, reasonable diligence, and lack of unfair prejudice to all other parties" for the court to allow an allocation of fault to a nonparty. Ariz. R. Civ. P. 26(b)(5); *see Stensrud v. Friedberg*, 2023 WL 2727825, at *3 (D. Ariz. Mar. 31, 2023) (discussing the exception). The District of Arizona has established that Ariz. R. Civ. P. 26(b)(5) applies in diversity cases under *Erie. Wester v. Crown Controls Corp.*, 974 F. Supp. 1284, 1288 (D. Ariz. 1996).

### III. DISCUSSION

#### a. Subject Matter Jurisdiction

As a threshold matter, the Court finds that it still retains subject matter jurisdiction in this case, notwithstanding the dismissal of Defendant United States. (Doc. 102).

"Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006). Defendant United States removed this case pursuant to federal question jurisdiction under 28 U.S.C. § 1346. (Doc. 1 at 2). The Court had authority over the common law negligence claim against Defendant State of Arizona only on the basis of supplemental jurisdiction. 28 U.S.C. § 1367. "Dismissal of the federal claim would thus, ordinarily, have authorized the district court to remand the pendent state law claims." *Williams*, 471 F.3d at 977.

However, Plaintiffs' Amended Complaint reveals that Plaintiffs are residents of German Town, Maryland (Doc. 5 at 2), and Plaintiffs' original complaint alleges that "their claim falls within Tier 3 as described in Arizona Rule of Civil Procedure 26.2(c)(3)(C)," (Doc. 1-4 at 11), which refers to actions claiming $300,000 or more in damages. Ariz. R. Civ. P. 26.2(c)(3)(C). Thus, Plaintiffs' pleadings present an independent jurisdictional basis for the state law claims: namely, diversity. Moreover, the parties have not provided any argument that the district court no longer retains subject matter jurisdiction. As such, the Court finds it may continue to exercise jurisdiction in this action.

#### b. Leave to File Notice of Non-Party at Fault

Defendant State of Arizona seeks leave to name the United States as a non-party at fault under A.R.S. § 12-2506(B) more than 150 days after filing its Answer.[1] (Doc. 103 at 2). Although this Court applies Rule 26(b)(5) when considering tort claims arising under

---

[1] Defendant seeks leave to file its non-party at fault notice under Ariz. R. Civ. P. 26(b)(5) and Fed. R. Civ. P. 14(a)(1). (Doc. 103 at 1). Defendant provides no authority explaining how Fed. R. Civ. P. 14(a)(1)—which provides the mechanism for a defendant to file a complaint against a nonparty—is applicable to naming a non-party at fault under A.R.S. § 12-2506(B).

3

Arizona law, the deadline provided by the rule is inapposite in this case. *See Valles v. Pima Cnty.*, No. CV-08-09-TUC-FRZ (JCG), 2010 WL 11515205, at *2 (D. Ariz. Apr. 27, 2010). Before the case was removed to federal court, Defendant State of Arizona filed its Answer on December 16, 2020, and subsequently filed a timely Notice of Non-Parties at Fault naming the United States on December 23, 2020. (Docs. 1-6 at 2; 1-10 at 30–32). Plaintiffs amended their Complaint in state court to add the United States as a defendant on October 15, 2021, who subsequently removed the case to federal court. (Docs. 1; 1-4 at 2). The United States remained a party to this action until August 22, 2024 (Doc. 102).

Under the local rules, a removing party must file all pleadings and other documents previously filed with the state court. LR Civ. 3.6(b). After removal, "[t]he federal court . . . treats everything that occurred in the state court as if it had taken place in federal court." *McKee v. Peoria Unified Sch. Dist.*, 963 F. Supp. 2d 911, 918 (D. Ariz. 2013) (quoting *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963)). In this case, pursuant to the local rules and this Court's Preliminary Order, the parties were only required to refile motions that were pending in state court upon removal. LR Civ. 3.6(d); (Doc. 3 at 1 n.1). The Court finds no reason to believe that Defendant State of Arizona's initial Notice of Non-Parties at Fault is no longer operative. (*See* Doc. 1-10 at 30–32). However, even assuming that Defendant State of Arizona was required to refile its Notice of Non-Party at Fault with this Court following removal, granting of Defendant's Motion is warranted as Defendant's failure to timely file is excusable.

Defendant did not have a legal basis to name the United States as a nonparty at fault following the filing of Plaintiffs' Amended Complaint within the 150-day period contemplated by the rule, because the United States was, in fact, a party during that time. In considering similar efforts to file notices of non-parties at fault beyond the time limits set by Rule 26(b)(5) where no legal basis for filing existed during the period, courts have found failure to comply with the proscribed time limits excusable. *See Valles*, 2010 WL 11515205, at *2–3 (collecting cases and allowing late notice when alleged non-party at fault was a party to action during 150 days after defendant's answer). As Defendant State

of Arizona had no basis for naming its co-defendant as a non-party at fault during the period, the Court finds that Defendant had good cause for its delay. Additionally, the Court finds that Defendant acted with reasonable diligence, as Defendant filed the present Motion within five days of the United States' dismissal from this action. (Doc. 103).

Moreover, Plaintiffs will not be unfairly prejudiced by Defendant's untimely notice of non-party at fault. Plaintiffs have long been aware of the United States' potential liability (*See* Doc. 5 at 8–9) and Defendant State of Arizona's position that the United States is liable for its failure to construct a fence on federal lands to prevent cattle from accessing SR-67 (*See* Docs. 85; 1-10 at 25, 30–32). *See Valles*, 2010 WL 11515205 (excusing delay when "the Notice named former parties to the suit whom Plaintiffs had previously identified as potential tortfeasors and whom Plaintiffs continue to identify as potential tortfeasors in discovery related to their claims against Pima County"); *Raygarr LLC v. Emps. Mut. Cas. Co.*, 506 F. Supp. 3d 737, 749 (D. Ariz. 2020) ("Plaintiff was aware during discovery that Defendant took the position that Raytheon was liable for the flood damage, and there is no evidence of any unfair prejudice to Plaintiff."). Indeed, before Plaintiffs named the United States as a Defendant in their Amended Complaint and the case was removed to federal court, Defendant State of Arizona filed a Notice of Non-Parties at Fault, naming the United States, in state court. (Doc. 1-10 at 30–32). The Court finds no risk of unfair prejudice in allowing Defendant's untimely filing.

Lastly, neither Plaintiffs nor the United States have responded to Defendant State of Arizona's Motion. Under the local rules, failure to respond to a motion "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i).

The Court declines to find that filing a notice of non-party at fault is inappropriate on the grounds of untimeliness, given both that Defendant's Motion is unopposed and that Defendant has demonstrated good cause, reasonable diligence, and a lack of unfair prejudice in filing its belated notice. The Court notes that Defendant's Notice of Non-Party at Fault filed in state court remains on the record, and Defendant State of Arizona has not

explained why its initial notice does not satisfy the requirements under Rule 26(b)(5). (Doc. 1-10 at 30–32). However, the Court also recognizes the legislature's strong desire "to ensure that each party to the action is liable only for his or her share of fault" in enacting A.R.S. § 12-2506. *Valles*, 2010 WL 11515205 at *2 (citing *Larsen v. Nissan Motor Corp. in U.S.A.*, 978 P.2d 119, 121–22 (Ariz. App. 1998)) (discussing legislative purpose of A.R.S. § 12-2506). Thus, out of an abundance of caution and in light of the legislative purpose underlying A.R.S. § 12-2506, the Court finds it appropriate to grant Defendant leave to name the United States as a non-party at fault in this action.

Accordingly,

**IT IS ORDERED** that Defendant State of Arizona's Motion for Leave to Name Non-Party at Fault (Doc. 103) is **granted**.

Dated this 17th day of December, 2024.

Honorable Steven P. Logan
United States District Judge